UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JAVAUGHN KENNETH LEE GARTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-00054-SRW |
| ) | |
| OFFICE OF GENERAL COUNSEL ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the submission of self-represented Plaintiff JaVaughn Kenneth Lee Garth's complaint, filed pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff filed his complaint on July 22, 2025, and paid his filing fee in full on July 24, 2025. The Court has reviewed the complaint as required by 28 U.S.C. § 1915A and will dismiss this action for failure to state a claim. Further, all of Plaintiff's pending motions will be denied.

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at Northeast Correctional Center in Bowling Green, Missouri. Based on an independent review of Plaintiff's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system, Plaintiff was indicted on 11 felonies, including second degree murder and robbery on October 14, 2009. *State v. Garth,* 09SL-CR05786-01 (St. Louis County Circuit Court). On January 10, 2011, Plaintiff pled guilty to all the charges. *Id*. He received sentences ranging from seven to twenty years in prison, all running concurrent with each other. *Id.*

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Here, Plaintiff is a convicted state prisoner who is suing the Office of General Counsel of the Missouri Department of Corrections. Therefore, his complaint is subject to 28 U.S.C. § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

## The Complaint

Plaintiff filed the instant action on July 22, 2025. ECF No. 1. Despite being a convicted and sentenced state prisoner, Plaintiff does not identify his prisoner status other than to claim he is "held captive." *Id*. at 2. He brings this suit against only one defendant – the Office of General Counsel of the Missouri Department of Corrections, in its official capacity. *Id*.

Plaintiff repeatedly refers to himself as the "authorized representative of GARTH, JAVAUGHN KENNETH LEE, ESTATE." *See id.* at 4. His statement of the claim notes that he was taken into custody in 2011. *Id*. at 3. He states that he has a low mental health score. *Id*. He then goes on to list over a dozen Missouri State statutes that reference trusts and estates, distribution of an estate, investment guidelines, and guardianships. *Id*. at 3-4. He also lists several federal statutes that reference Social Security and grants to States. *Id*. at 4. He does not explain why he lists these statutes, or their relevance to his claim. His sole complaint among this long list of statutes is that the defendant is violating the Fourteenth Amendment and 18 U.S.C. § 914 by falsely "acting as administrator of Petitioner's ESTATE."[1] *Id*.

For injuries, Plaintiff alleges to have PTSD, pain and suffering, anxiety, and mental anguish. *Id*. For relief, he requests, "Grant Petitioner delivery of Petitioner's real property by the minor; terminate the custodian's powers, duties, and rights with respect to the real property." He requests punitive damages in the amount of $66 billion.

## Discussion

Based on a careful review and liberal construction of the filings before the Court, the Court will dismiss this action pursuant to 28 U.S.C. § 1915A.

---

[1] Plaintiff refers to himself throughout the complaint as Petitioner and refers to the defendant as Respondent.

3

1. **Official Capacity**

Plaintiff's sole claim is against the Office of General Counsel of the Missouri Department of Corrections in its official capacity. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Because Plaintiff has only sued officials of a government agency in their official capacity, his claim must be dismissed.

2. **Failure to State a Claim**

Plaintiff has failed to establish any plausible claim for relief. The complaint is filled with cites to state and federal statutes that have no meaningful connection to a § 1983 claim. Plaintiff argues that he is the personal representative of his estate. An estate, as referred to by Plaintiff, is the real and personal property of a deceased person. *See In re Est. of Shuh*, 248 S.W.3d 82, 88 (Mo. App. E.D. 2008). Plaintiff is not deceased, so he has no estate. His sole complaint is that the defendant is falsely claiming to be the personal representative of his estate. Because there is no estate at issue, this claim necessarily fails. There is no way to interpret any of the Plaintiff's arguments such that they would state a plausible claim for relief. As such, his claim must be dismissed.

**Pending Motions**

Since filing his complaint, Plaintiff has also filed a total of 23 motions, and 14 other various filings. Like his complaint, these filings and motions are not based in law or reality. The motions before the Court include: a motion to release property, an emergency writ of replevin, actions in rem, a motion for garnishment and sequestration, a motion to release vessel and crew, a writ of amnesty, and motions for supplemental rules for admiralty and maritime claims and asset forfeiture, among others. *See* ECF Nos. 10-12, 26-27, 32, 38. Throughout these motions, Plaintiff refers to himself as an estate, a surety, a freeman, and a corporation. One motion cites to Missouri statutes regarding unborn children. ECF No. 37. In that motion, Plaintiff asks the Court to "release unborn child JaVaughn Garth immediately." *Id*. at 3. It would not be worth the Court's time to go through each of these motions, as they are all similarly nonsensical. All pending motions before the Court will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions [ECF Nos. 2, 8, 10-13, 18-19, 23-28, 30, 32-33, 36-41] are **DENIED** without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of November, 2025.

                                                  STEPHEN N. LIMBAUGH, JR.
                                                  SENIOR UNITED STATES DISTRICT JUDGE